**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| Perry Richardson,               )<br>                                          )<br>          Plaintiff,             )<br>                                          )<br>     v.                                )<br>                                          )<br>Rent-A-Center East, Inc.,    )<br>                                          )<br>          Defendant.           )<br>_____) | C/A No.: 3:11-cv-1408-JFA<br><br><br>**ORDER** |

Defendant Rent-A-Center East, Inc. moves the court to dismiss Plaintiff Perry Richardson's amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. Plaintiff opposes the Defendant's motion, and after reviewing the parties' briefs and inviting oral argument, the court grants in part and denies in part the Defendant's motion.

**BACKGROUND**

On March 9, 2009, an unidentified male stole a Nintendo Wii gaming system from one of Defendant's stores in Cayce, South Carolina, and the theft was recorded by a store security camera. A store employee watched the video surveillance with a Cayce Department of Public Safety investigator and reported Plaintiff's name to law enforcement as the person in the video. The store employee also later identified Plaintiff in a photographic line-up on April 13, 2009. The Cayce Department of Public Safety obtained an arrest warrant for Plaintiff for the charge of shoplifting based solely on the store employee's identification of the Plaintiff, and Plaintiff's name and picture appeared

in "Runners" magazine. Plaintiff learned that law enforcement was looking for him from the publication in the "Runners" magazine, as well as the publication of his arrest warrant to the general public, and he voluntarily surrendered to police on July 10, 2009. He spent the night in jail and was released on bond the next day. On or about March 8, 2010, as Plaintiff's criminal trial was getting ready to begin, Plaintiff's counsel watched the security video with a Cayce Department of Public Safety detective and one of Defendant's employees. According to Plaintiff, the criminal case against him was dismissed because it was concluded that the person in the surveillance video, who stole the gaming system, looks nothing like the Plaintiff.

Now, Plaintiff filed suit against Defendant, alleging five state law causes of action: (1) false imprisonment; (2) malicious prosecution; (3) defamation; (4) intentional infliction of emotional distress; and (5) negligence. Defendant does not believe that Plaintiff can legally establish any of these causes of action against it based on the facts alleged in the Plaintiff's amended complaint; therefore, it asks the court to dismiss this case.

## **LEGAL STANDARD FOR A MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

When considering a 12(b)(6) motion to dismiss, the court must accept as true the facts alleged in the complaint and view them in a light most favorable to the plaintiff. *Ostrzenski v. Seigel*, 177 F.3d 245, 251 (4th Cir. 1999). The United States Supreme Court has stated, however, that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions," or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557). Accordingly, Plaintiffs must put forth claims that crosses "the line from conceivable to plausible." *Id.* at 1950–51 (internal quotation omitted).

## ANALYSIS

### I. False Imprisonment & Malicious Prosecution

Plaintiff first asserts a false imprisonment claim against Defendant. "The essence of the tort of false imprisonment consists of depriving a person of his liberty without lawful justification." *Law v. S.C. Dep't of Corr.*, 368 S.C. 424, 440, 629 S.E.2d 642, 651 (2006). "To prevail on a claim for false imprisonment, the plaintiff must establish: (1) the defendant restrained the plaintiff, (2) the restraint was intentional, and (3) the restraint was unlawful." *Id.* (citations omitted). Although both sides went into depth about whether or not probable cause existed to support this cause of action, the court finds the fact that the Plaintiff was arrested pursuant to a facially valid warrant precludes him from asserting a false imprisonment claim against Defendant, being the one who caused the

arrest. In *Dorn v. Town of Prosperity*, the Fourth Circuit determined that longstanding precedent in South Carolina dictated there cannot be a claim for false arrest where the arrest was effectuated pursuant to a facially valid warrant. 375 F. App'x 284, 288 (4th Cir. March 18, 2010). On this point, the Fourth Circuit stated in *Dorn*:

> At common law, allegations that a warrantless arrest or imprisonment was not supported by probable cause advanced a claim of false arrest or imprisonment. However, allegations that an arrest made pursuant to a warrant was not supported by probable cause, or claims seeking damages for a period after legal process issued, are analogous to the common-law tort of malicious prosecution.
>
> . . . .
>
> The distinction between malicious prosecution and false arrest in this situation is whether the arrest was made pursuant to a warrant. As a general rule, an unlawful arrest pursuant to a warrant will be more closely analogous to the common law tort of malicious prosecution. An arrest warrant constitutes legal process, and it is the tort of malicious prosecution that permits damages for confinement pursuant to legal process. On the other hand, wrongful warrantless arrests typically resemble the tort of false arrest.

*Id.* at 285–86 (internal quotations and citations omitted). The court proceeded to cite several South Carolina district court and state court decisions, which have continuously made this distinction. *Id.* at 286–88. Following this line of authority, the court dismisses Plaintiff's false imprisonment cause of action, as Plaintiff has conceded that he was arrested pursuant to a facially valid warrant.

With respect to his malicious prosecution cause of action, however, the court denies the Defendant's motion. To make out such a claim, Plaintiff must establish: (1) the institution or continuation of original judicial proceedings; (2) by or at the instance of the Defendant; (3) termination of such proceedings in Plaintiff's favor; (4) malice in

4

instituting such proceedings; (5) lack of probable cause; and (6) resulting injury or damage. *Law v. S.C. Dep't of Corr.*, 368 S.C. 424, 435, 629 S.E.2d 642, 648 (2006). In this cause of action, malice is "the deliberate intentional doing of a wrongful act without just cause or excuse." *Id.* at 437, 629 S.E.2d at 649 (internal quotation omitted). Plaintiff essentially contends that he was prosecuted for shoplifting because the Defendant's employee maliciously, and without probable cause, identified him as the shoplifter, when in fact he was not the culprit and looked nothing like the man recorded by the surveillance camera. Defendant counters with the assertion that its employee merely gave honest assistance to the police and did no more than to report truthfully such information as came into its possession to the police authorities. Defendant further argues that it did not institute criminal proceeding against Plaintiff; rather, it argues that the police department is the prosecuting entity in this case.

After considering the parties' arguments, the court believes the Plaintiff has pled sufficient factual allegations to withstand dismissal with respect to this claim. Again, he claims that one of Defendant's employees watched the video surveillance footage with police officers and identified him as the shoplifter in the video. The court can infer from this allegation, as it must at this stage of the litigation, that if the employee was able to name the Plaintiff to the police officers, then that employee knew Plaintiff and was aware of the Plaintiff's appearance and other physical features at that point in time. It was not until after the employee already identified the Plaintiff as the culprit that he pointed him out in a photo line-up, so the employee presumably had a familiarity with the Plaintiff. Considering this inference in conjunction with the Plaintiff's allegation that the person in

5

the video surveillance footage looks nothing like him, the court believes Plaintiff has sufficiently pled a malicious prosecution cause of action. If the employee knew the Plaintiff and knew that the person in the video surveillance footage looks nothing like the Plaintiff, then the court must accept as true at this stage of the proceedings that the employee knew he was giving false information to the police, thereby maliciously instituting a criminal investigation and proceedings against the Plaintiff. Moreover, Plaintiff alleges that the store employee's identification was the sole basis for the warrant issued for Plaintiff's arrest. As a result, Plaintiff alleges that he was forced to spend a night in jail, was subjected to an outstanding criminal charge for almost one year, but that the charge against him was eventually terminated in his favor. All of these allegations defeat the Defendant's motion with respect to this claim.

## II. <u>Defamation</u>

Next, Plaintiff claims that the Defendant defamed him by falsely identifying him as the shoplifter. "The tort of defamation allows a plaintiff to recover for injury to his or her reputation as the result of the defendant's communications to others of a false message about the plaintiff." *Argoe v. Three Rivers Behavioral Health, L.L.C.*, 392 S.C. 462, 474, 710 S.E.2d 67, 73 (2011) (internal quotation omitted). "In order to prove defamation, the plaintiff must show (1) a false and defamatory statement was made; (2) the unprivileged publication was made to a third party; (3) the publisher was at fault; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication." *Id.*, 710 S.E.2d at 74. "The publication of a statement is defamatory if it tends to harm the reputation of another as to lower him in the

estimation of the community or to deter third persons from associating or dealing with him." *Id.*, 710 S.E.2d at 74.

Defendant moves the court to dismiss this cause of action because it believes any communication its employee made to the police was qualifiedly privileged because it was made in good faith and on a subject matter in which the Defendant has an interest—that is, finding the person who stole from it. While Defendant may ultimately be entitled to judgment as a matter of law on this claim based on its defense of qualified immunity, the court does not believe it can dismiss this claim at this stage of the litigation based on the Plaintiff's allegations. As the South Carolina Supreme Court has noted:

> To prove actual malice, the plaintiff must show that the defendant was activated by ill will in what he did, with the design to causelessly and wantonly injure the plaintiff; or that the statements were published with such recklessness as to show a conscious disregard for plaintiff's rights. In addition, the person making the defamatory statement must be careful to go no further than his interests or his duties require . . . . And the fact that a duty, a common interest, or a confidential relation existed to a limited degree, is not a defense, even though the publisher acted in good faith.
>
> In general, the question whether an occasion gives rise to a qualified or conditional privilege is one of law for the court. However, the question whether the privilege has been abused is one for the jury. Factual inquiries, such as whether the defendants acted in good faith in making the statement, whether the scope of the statement was properly limited in its scope, and whether the statement was sent only to the proper parties, are generally left in the hands of the jury to determine whether the privilege was abused.

*Swinton Creek Nursery v. Edisto Farm Credit, ACA*, 334 S.C. 469, 485, 514 S.E.2d 126, 134 (1999) (internal quotations and citations omitted).

In his allegations, Plaintiff contends that the identification of him as a culprit was done with malice. He claims that he looked nothing like the person who appeared on the

7

video surveillance and that the store employee who identified Plaintiff as the shoplifter knew that this information was false. After considering these allegations, the court believes the Defendant's motion should be denied, and it will have every opportunity to reassert its argument at the conclusion of discovery.

### III. Intentional Infliction of Emotional Distress

The Plaintiff also asserts a claim for intentional infliction of emotional distress against the Defendant. In order to recover for intentional infliction of emotional distress, Plaintiff must establish: (1) the Defendant intentionally or recklessly inflicted severe emotional distress, or was certain, or substantially certain, that such distress would result from his conduct; (2) the conduct was so "extreme and outrageous" so as to exceed "all possible bounds of decency" and must be regarded as "atrocious, and utterly intolerable in a civilized community;" (3) the actions of the Defendant caused Plaintiff's emotional distress; and (4) the emotional distress suffered by the Plaintiff was "severe" such that "no reasonable man could be expected to endure it." *Hansson v. Scalise Builders of S.C.*, 374 S.C. 352, 356, 650 S.E.2d 68, 70 (2007).

Without reciting what has already been discussed in the prior sections of this order, the court believes the Plaintiff has sufficiently pled factual allegations to withstand dismissal of this claim. If Defendant's employee knew he or she was falsely identifying the Plaintiff in both the video surveillance footage and the photo line-up, that employee should have been certain that his or her conduct would lead to a criminal prosecution of the Plaintiff for a crime he did not commit. The court finds that such conduct would be so extreme as to exceed all possible bounds of decency, and Plaintiff has alleged that he has

suffered severe emotional distress as a result of this. Again, Defendant will have every opportunity to reassert its objections to this claim at the conclusion of discovery, but the court believes the amended complaint contains sufficient factual allegations for this cause of action to proceed. Thus, the Defendant's motion is denied in this respect.

### IV.    Negligence

Lastly, Plaintiff alleges a negligence cause of action against Defendant. "To recover on a claim for negligence, a plaintiff must show (1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the breach." *Andrews v. Piedmont Air Lines*, 297 S.C. 367, 369, 377 S.E.2d 127, 128 (1989). "The absence of any one of these elements renders the cause of action insufficient." *Id.*, 377 S.E.2d at 128–29. Here, Plaintiff contends that Defendant owed it a duty of care once it took action to identify him as the shoplifter who stole from its store. In making this argument, Plaintiff asks the court to carry over into this factual scenario the line of cases that impose a duty on a person who voluntarily takes action to assist someone. In response, the Defendant notes that no South Carolina authority has ever found a duty of care to exist between a person and a merchant who identifies them in an effort to solve a crime. Because there is no South Carolina authority to support the Plaintiff's position, the court believes this cause of action should be dismissed. This court is not sure that the South Carolina Supreme Court would recognize such a duty, and to the extent that it might, the court believes it prudent for that court to deal with it on first impression. Therefore, the court dismisses Plaintiff's negligence cause of action.

9

## **CONCLUSION**

For the foregoing reasons, the court grants in part and denies in part Defendant Rent-A-Center East, Inc.'s motion to dismiss. Plaintiff's false imprisonment and negligence causes of action are hereby dismissed, but his malicious prosecution, defamation, and intentional infliction of emotional distress claims will proceed to discovery.

IT IS SO ORDERED.

August 19, 2011                                    Joseph F. Anderson, Jr.
Columbia, South Carolina                    United States District Judge

10